# Third District Court of Appeal
## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1971
Lower Tribunal No. 22-01674
_____

**Nava Jacobs,**
Appellant,

vs.

**Anita Jacob, et al.,**
Appellees.

An Appeal from nonfinal orders from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Schlesinger Law Group, Michael J. Schlesinger, Luis E. Barreto & Associates, P.A., and Luis E. Barreto, for appellant.

Rosenthal Rosenthal Rasco LLC, Eduardo I. Rasco, and Steve M. Bimston, for appellees.

Before LINDSEY, MILLER, and GORDO, JJ.

MILLER, J.

*UPON MOTION FOR REHEARING AND CLARIFICATION*

Appellant has filed a motion for rehearing and clarification. We deny the motion for rehearing but grant clarification, withdraw our prior opinion, and substitute this elaborated opinion in its stead.

Appellant, Nava Jacobs, the daughter of the decedent, challenges nonfinal orders dismissing civil claims against appellees, Anita Jacob and Dalit Dangoor. We conclude we lack jurisdiction to entertain the merits of the appeal.

I

Eli Jacob died on May 18, 2020. Some three months later, his daughter, Nava, filed a petition for administration and sought appointment as personal representative of her father's estate. In her petition, Nava contended that Eli died intestate, and she listed his sole asset as a penthouse apartment located in Bal Harbour, Florida. Nava's stepmother, Anita, Eli's wife, moved to dismiss the petition. She invoked the statutory order of preference for appointment and filed a will naming her as personal representative. See § 733.301(1)(a)(1), (1)(b)(1), Fla. Stat. (2020). In her motion, Anita contended that, because she and Eli held the apartment as tenants by the entireties, the property was not an asset of the estate and

2

instead automatically passed to her by operation of law upon Eli's death. The probate court dismissed the petition without prejudice.

On November 12, 2021, Nava filed a separate civil action alleging a single count of tortious interference with expectation of inheritance against Anita, Dalit, and Nyla Shiers—another relative. Citing judicial efficiency and overlapping facts, Nava successfully moved to transfer the case to the probate division of the circuit court.

Nava subsequently amended her civil complaint to add the label "adversary" within the case style and allege new claims for undue influence and lack of capacity. In her prayer for relief, she sought to void the will, two codicils, a trust, and certain inter vivos sales, gifts, and transfers. She also sought the imposition of a constructive trust over the property that passed outside of probate. A similarly cast second amended complaint is the pleading at issue in this appeal.

Meanwhile, Nava filed an amended petition for administration listing further assets to be administered in the probate case. The petition was supported with a redacted inventory form derived from earlier guardianship proceedings. Anita again responded that Nava was aware none of the assets were subject to probate. The probate court dismissed the case with leave to amend.

3

In a second amended petition, Nava again sought appointment as the personal representative and to invalidate the will and two codicils as the product of undue influence and lack of testamentary capacity. Anita moved to dismiss, contending that Nava "ha[d] no legal remedy in probate," and "[t]here [was] no need for an estate to be opened the sole purpose of which is to prosecute duplicative and time-barred claims." The trial court granted the motion in part, denying the request for appointment but granting leave to seek the appointment of a curator. The court further dismissed several counts in the civil action on the ground that Nava lacked standing to recover assets on behalf of the estate. This appeal ensued.

## II

Appellees seek to dismiss this appeal, contending the orders are nonfinal and non-appealable. Nava argues that the orders finally determine a right or obligation of an interested person as defined in the Florida Probate Code, determine a petition to revoke probate of a will, grant heirship, succession, entitlement, or determine the person to whom distribution should be made, or determine an estate's interest in any property, as described under Florida Rule of Appellate Procedure 9.170.

## III

4

This dispute began as a civil lawsuit but has since metamorphosized into a hybrid civil-probate case. Nava sought to void the will as the product of incapacity or undue influence, while concomitantly alleging tortious interference with expectation of inheritance. The latter claim remains pending.

Given the nature of the dismissed claims, our examination is governed by Florida Rule of Appellate Procedure 9.170(b), which provides,

> Except for proceedings under rule 9.100 and rule 9.130(a), appeals of orders rendered in probate and guardianship cases will be limited to orders that finally determine a right or obligation of an interested person as defined in the Florida Probate Code. Orders that finally determine a right or obligation include, but are not limited to, orders that:
> ...
> (2) determine a petition or motion to revoke probate of a will;
> …
> (5) grant heirship, succession, entitlement, or determine the persons to whom distribution should be made; [or]
> …
> (12) determine an estate's interest in any property . . . .

The orders under review in this case do not fall within any of these categories. The orders grant the motion to dismiss the claims sounding in probate, finding that Nava lacks standing to act on behalf of the estate. The orders contain no words of finality. Instead, the court granted, in part, defendants' motions to dismiss Nava's second amended complaint.

5

Further, the will has never been admitted to probate, and therefore the orders do not adjudicate a petition to revoke probate. Similarly, the orders do not grant heirship, succession, or entitlement or adjudicate an estate's interest in property. On the contrary, the court merely found that Nava did not have status to act on behalf of the estate. This ruling conforms with the earlier denial of Nava's motion to serve as personal representative, which was not appealed, and the authorization to procure a curator, which has not yet been exercised. See § 733.501(1), Fla. Stat. (2024). Accordingly, we grant the motion to dismiss.

Appeal dismissed.